# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. TILLMAN,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4101** |
| | : | |
| **SEAN MARLER,** *et al.* | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 28th day of August, 2020, upon consideration of Plaintiff Michael D. Tillman's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 2), and his *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Michael D. Tillman, #39832-007, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of FDC-Philadelphia or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Tillman's inmate account; or (b) the average monthly balance in Tillman's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Tillman's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Tillman's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of FDC-Philadelphia.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

   a. The official capacity claims and grievance claims against all Defendants, and the deliberate indifference claims against Defendants Warden Sean Marler and Medical Director Kevin Cassano are **DISMISSED WITH PREJUDICE**.

   b. The deliberate indifference claim against Defendant Raeph Laughingwell is **DISMISSED WITHOUT PREJUDICE**.

6. Tillman may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint (1) shall not reassert any claim already dismissed with prejudice, (2) must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, (3) shall state the basis for Tillman's claims against each defendant, and (4) shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Tillman should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall **NOT** make service until so ordered by the Court.

7. The Clerk of Court is **DIRECTED** to send Tillman a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Tillman may use this form to file his amended complaint if he chooses to do so.

8.      If Tillman does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  See Weber v. McGrogan, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); In re Westinghouse Sec. Litig., 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Tillman fails to file any response to this Order, the Court will conclude that Tillman intends to stand on his Complaint and will issue a final order dismissing this case.[1]  See Weber, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[1] The six-factor test announced in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. See Weber, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the Poulis factors); see also Elansari v. Altria, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under Poulis is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  See Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the Poulis factors is not necessary.").

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

10. The Clerk of Court is **DIRECTED** to **TERMINATE** Warden Sean Marler, Medical Director Kevin Cassano, and Medical Records employee Elizabeth Shernecke as Defendants.

**BY THE COURT:**


\_\_\_/s/ Mitchell S. Goldberg_____
**MITCHELL S. GOLDBERG,   J.**